Toomey, J.
INTRODUCTION
This matter is before the court on defendant DuBois’s (DuBois) motion to dismiss or, in the alternative, for summary judgment. Plaintiff, Manuel Perry (Perry), an inmate at N.C.C.I. Gardner, has brought a claim alleging violations of M.G.L.c. 12, §11H,[1] the Massachusetts Civil Rights Act (MCRA), M.G.L.c. 30A, §§1-8, the Massachusetts Administrative Procedure Act (APA) and 42 U.S.C. §1983, the Federal Civil Rights Act (FCRA).[2] For the following reasons, DuBois’s motion to dismiss is allowed on the counts trader the MCRA and APA and DuBois’s motion for summary judgment is allowed on the claim under the FCRA.[3]
BACKGROUND
DuBois was Commissioner of the Department of Correction (DOC) at all relevant times.
*327 On December 11,1992, Perry, an inmate at N.C.C.I. Gardner, submitted a request to visit the dentist, a service provided to inmates pursuant to a contract between the DOC and Emergency Medical Services Associates (EMSA). Perry submitted a second request on January 29, 1993 and a third request on March 6, 1993.
Perry was seen by the dentist on or about April 1, 1993 and had two teeth pulled at that time. Perry’s amended complaint[4] asserts that he has been placed in needless pain and suffering by defendants’ refusal to provide him with proper and adequate medical care.
DISCUSSION
A. Motion to Dismiss as to Plaintiffs MCRA and APA Claims
“[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Plaintiffs MCRA and APA complaints present no occasion to doubt that he will be unable to offer evidence warranting relief under either statute. We examine each in turn.
1. Massachusetts Civil Rights Act
In order to prevail on a claim under the Massachusetts Civil Rights Act, M.G.L.c. 12, §11H, plaintiff must show that his rights were interfered with by “threats, intimidation or coercion.” Longval v. Commissioner of Correction, 404 Mass. 325, 333 (1989). The complaint at bar contains no allegations that any of Perry’s civil rights were violated by the use of threats, intimidation or coercion and, therefore, must be dismissed as to its MCRA count.
2. Administrative Procedures Act
Pursuant to M.G.L.c. 30A, §1A, the Department of Correction is subject to the demands of §§1-8 of the APA. Peny’s complaint, however, contains no allegations which, expressly or by implication, assert any violations of the APA by defendants and the complaint, therefore, must be dismissed as to its APA count.
B. Motion for Summary Judgment as to Plaintiffs FCRA Claims
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). Where the party moving for summary judgment does not have the burden of proof at trial, the absence of a triable issue may be shown either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
The rights guaranteed under Article 26 of the Massachusetts Declaration of Rights, including its prohibition of cruel or unusual punishment, have been held to be at least as broad as its federal cognate, the rights guaranteed under the Eighth Amendment of the United States Constitution. Michaud v. Sheriff of Essex County, 390 Mass. 523, 533-34 (1983). At bar, Perry claims that DuBois’s conduct has violated his state and federal constitutional rights and, therefore, he is entitled to recovery under 42 U.S.C. §1983.
To establish DuBois’s personal liability under 42 U.S.C. §1983 on the grounds that DuBois violated the federal Eighth Amendment, Perry must show “a serious medical need and prove the defendant’s purposeful indifference thereto.” Sires v. Berman, 834 F.2d 9, 12 (1st Cir. 1987); Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Deliberate indifference on the part of prison officials has been found where they fail to implement an adequate health care system. Wellman v. Faulkner, 715 F.2d 269, 272 (7th Cir. 1983). It has also been found where prescribed medical care for a particular inmate is denied or delayed. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Additionally, deliberate indifference by a supervisor or administrator may be found where he or she had “the power and duly to alleviate the conditions which led to the violation.” Rosen v. Chang, 811 F.Supp. 754, 759 (D.R.I. 1993) (citations omitted). On the other hand, “[ijnadvertent failures to provide medical care or ordinary medical malpractice are not enough to show ‘deliberate indifference.’ ” Rosen, 811 F.Supp. at 758.
There is no evidence that DuBois had actual knowledge of Perry’s condition, was personally involved in Perry’s receiving care or that DuBois was responsible for the conditions which led to the delay experienced by Perry. Assuming, arguendo, that the doctors may have negligently treated Perry’s condition, that fact is not probative of “purposeful indifference” on the part of DuBois. Finally, there is no evidence that, by contracting with EMSA, the Department of Corrections supplied inadequate health care to inmates such that DuBois might be labelled as deliberately indifferent. Therefore, the materials pertinent to the instant motion fail to show the requisite “indifference” on the part of DuBois and DuBois is entitled to judgment as a matter of law.
ORDER
For the foregoing reasons it is hereby ORDERED that defendant DuBois’s motion to dismiss plaintiffs claims under the Massachusetts Civil Rights Act, M.G.L.C. 12, §11H, and the Massachusetts Administrative Procedures Act, M.G.L.c. 30A, §§1-8, be ALLOWED and that defendant DuBois’s motion for summary judgment on plaintiffs claim under the Federal Civil Rights Act, 42 U.S.C. §1983, be ALLOWED.

 Miscited in complaint as “M.G.L.c. 12, §111 E J.”

 Plaintiff moved to amend the complaint to add John Marshall as a party defendant; that motion was allowed on June 29, 1993 (Forte, J.).

 On August 4, 1993, plaintiff again sought to amend his complaint to add the following language “Where plaintiff filed not knowing he would be placed in much undo [sic] pain and suffering, needlessly.” The motion was, on August 4, 1993, allowed (Rup, J.), and the defendants’ attempt to derail the amendment was unsuccessful (see September 14, 1993 denial of motion to reconsider [Rup, J.]). Although the instant defense motion to dismiss/for summary judgment was also filed on August 4, 1993 and thus cannot, in time, be viewed as focused on the complaint as amended on August 4, 1993, the inconsequence of the amendment is such that we may fairly consider the defense motion as aimed at the complaint and both of the amendments. In sum, this court will treat the present motion as lodged against the complaint through its most recent amendment of August 4, 1993.

 Although plaintiffs August 4, 1993 motion to amend complaint was not perfected by his filing an amended complaint, to insist on that nicely of practice now would constitute an elevation of form over substance. Accordingly, we will treat the motion as the amendment.